Hon. John M. Carter Village Attorney, Clayton
This is in reply to your letter of January 30, 1978, in which you requested our opinion as to whether, under the new Village Law, a village may maintain a publicity fund as permitted by section 89 of the former Village Law in a specific enumeration of power not carried over to present section 4-412. You further inquired, whether, in the event such a fund is permissible, any monetary limitation would apply.
Former section 89 gave extensive specific enumerations of power to the village Board of Trustees. When the present Village Law was enacted, effective 1973, section 89 was replaced by section 4-412 which made limited specific enumerations of power in addition to a general grant of power:
 "1. General powers of the board of trustees. In addition to any other powers conferred upon villages, the board of trustees of a village shall have management of village property and finances, may take all measures and do all acts, by local law, not inconsistent with the provisions of the constitution, and not inconsistent with a general law except as authorized by the municipal home rule law, which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, the safety, health, comfort, and general welfare of its inhabitants, the protection of their property, the preservation of peace and good order, the suppression of vice, the benefit of trade, and the preservation and protection of public works. * * *"
According to the expression of legislative intent, the power granted was made general rather than specific because the old law provisions had proved "cumbersome, confusing, and too rigid to accommodate the needs and aspirations of the individual villages * * *" The legislature further found that in relation to former section 89 that:
 "Case law indicates that the courts have failed to sanction the authority of the board of trustees of a village to act unless the power is specifically enumerated. As a result villages through their local legislators have sought the implementation of legislation authorizing each specific act. This cycle of events has subverted the initial intent of the legislature as expressed in the title to section eighty-nine. This bill, inter alia, would restore the legislative intent by replacing the specific legislation with a broad grant of general power. It should, therefore, no longer be necessary for the courts to look to a specific grant of power in order to sanction an act of the board of trustees."
In addition, Article IX, § 2(c) of the New York State Constitution provides that:
 "* * * every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government * * *"
This section is implemented by Article 2, § 10(1)(i), of the Municipal Home Rule Law.
Accordingly, the village board of trustees is authorized to adopt a local law (not inconsistent with the Constitution or with New York State law) authorizing such a publicity fund. 4 Opns St Comp, 1975, p 14; 4 Opns St Comp, 1975, p 53. Moreover, if such a local law, ordinance or resolution had been adopted pursuant to former Village Law, § 89, and was in effect before enactment of the present Village Law, such local law would continue in force and effect. Village Law, § 23-2200.
It is our opinion, therefore, that while there is no specific authority for a village to establish a publicity fund, nor is any monetary limit set by law, under Village Law, § 4-412, Article IX, § 2(c) of the New York State Constitution, and Article 2, § 10(1)(i), of the Municipal Home Rule Law, a village has the power to adopt a local law authorizing a publicity fund so long as this law is not inconsistent with the constitution nor with the general laws of the state.